UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald James Greenfield
and Onyx Holding, Inc.,

Case No. 16-cv-2837 (PAM/LIB)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

United States of America,

Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss and Plaintiffs' Motion to Amend. For the following reasons, the Motion to Amend is denied and the Motion to Dismiss is granted.

**BACKGROUND**

Plaintiffs Gerald James Greenfield and Onyx Holding, Inc. filed this lawsuit against Defendant United States of America on August 23, 2016. The Complaint alleges that Greenfield did not file income tax returns for the tax years 2007 and 2008. (Compl. (Docket No. 1) ¶ 9.) On February 10, 2010, the Internal Revenue Service Criminal Investigation Division arrested Greenfield on money laundering and mortgage fraud charges and seized certain personal, business, and financial records. (Id. ¶ 10.) Some of the seized records contained Greenfield's tax records for 2007 and 2008. (Id.) Plaintiffs allege that Greenfield's tax liability is between zero and $15,000, but because the IRS seized his tax records he has been unable to file his 2007 and 2008 tax returns. (Id.

¶ 12.)  Although Greenfield repeatedly requested the return of his tax records, the IRS refused.  (Id. ¶ 13.)

The IRS assessed Greenfield's 2007 and 2008 income tax liabilities at over $130,000.  (Compl. ¶ 11.)  Consequently, the IRS imposed federal tax liens on all property Greenfield owned, including Greenfield's homestead at 9403 Woodbridge Road, Bloomington, Minnesota (the "Property").  (Id. ¶ 16.)  Sometime in 2015, Greenfield's mortgagee foreclosed on the Property.  (Id. ¶ 21.)  The Government then redeemed its senior lien on the Property and sought to sell the Property by public auction on September 14, 2016.  Plaintiffs allege that the Government's redemption of the Property was improper because the tax liens are improper.  (Id. ¶ 27.)  The tax liens are improper because they "violated Plaintiff's due process rights because [the Government] precluded, and continued to preclude, Plaintiff from filing his 2007 and 2008 tax returns or in any way respond to or challenge [the Government's] federal tax assessment and corresponding federal tax lien."  (Id. ¶ 20.)  Plaintiffs' Complaint seeks "(1) to set aside Defendant's federal tax lien as improper, (2) to set aside Defendant's redemption of Plaintiff's real property, and (3) to quiet title."  (Id. ¶ 1.)

Shortly after filing suit, Plaintiffs filed a motion for a preliminary injunction to enjoin the Government from selling the Property.  The Court denied the motion because Plaintiffs did not have any ownership interest in the Property and therefore lacked standing to enjoin the sale.  The Government subsequently sold the Property.

On October 25, 2016, the Government filed this Motion to Dismiss arguing that, like the preliminary injunction motion, Plaintiffs lack standing to sue.  On February 15,

2

2017, Plaintiffs filed their opposition memorandum. (Pls.' Opp'n Mem. (Docket No. 28).) In their memorandum, Plaintiffs concede that they lack standing to sue based on their original Complaint, and instead seek to amend the Complaint to eliminate any claims regarding the Property and add claims for improper tax collection, violations of the Fifth Amendment's Due Process Clause under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and violations of the Federal Tort Claims Act ("FTCA"). (Pls.' Opp'n Mem. at 1.) Plaintiffs argue that these amendments moot the Government's Motion to Dismiss. (Id. at 3.)

On February 23, 2017, Plaintiffs filed a Motion to Amend and attached their proposed amended complaint. (Pls.' Mot. (Docket No. 30).) The Government contends that the proposed amendments are futile.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend their complaint once as a matter of course within 21 days after service of a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). But "there is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." Baptist Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007).

The Government filed its Motion to Dismiss on October 25, 2016. Plaintiffs could have therefore amended their complaint as a matter of course on or before November 15. They did not. After November 15, Plaintiffs could only amend with the opposing party's written consent or the Court's leave. Plaintiffs failed to get the Government's consent. On February 23, less than two weeks before the hearing on the Government's Motion to Dismiss, Plaintiffs filed a Motion to Amend. Plaintiffs may therefore only amend their Complaint if they can show that there was no undue delay and the proposed amended complaint can withstand a motion to dismiss. They cannot.

**A.     Undue Delay**

Plaintiffs' Motion to Amend is unduly delayed. Plaintiffs were put on notice of the deficiencies in their Complaint by at least October 25 when the Government filed its Motion to Dismiss—and even earlier on September 2 when the Court denied Plaintiffs' motion for a preliminary injunction. Nevertheless, Plaintiffs did nothing until February 15 when they indicated in their opposition memorandum that they intended to amend their Complaint, and then finally filed such a motion on February 23. Plaintiffs contend that these amendments are "made in light of the developments that occurred since the original Complaint was filed" including the Court's order denying their preliminary injunction and the return of Greenfield's tax records. (Pls.' Supp. Mem. (Docket No. 31) at 1.) But Plaintiffs' counsel indicated at the hearing that the IRS returned Greenfield's tax records in September. Therefore, these two "developments" occurred beforethe Government's Motion to Dismiss, and Plaintiffs' Motion to Amend could have been filed

well within the 21 days allowed to amend as a matter of course, and surely should have been filed much earlier than February 23.

Plaintiffs' counsel also indicated at the hearing that two other developments that occurred in December—Greenfield's release from prison and Plaintiffs' discovery of the IRS's alleged stock seizure—caused the delay. But Plaintiffs filed this lawsuit and a motion for a preliminary injunction while Greenfield was in prison, so his incarceration did not preclude a motion to amend. Greenfield's release from prison has no bearing on the delay in their Motion. Also, the three claims Plaintiffs seek to add—an improper tax collection action, a <u>Bivens</u> action, and a FTCA action—could have been brought initially, without the additional allegations regarding the stock. Indeed, all the claims are premised on the IRS's withholding of Greenfield's tax records. These claims could have been included in the original Complaint or, when Plaintiffs realized their Complaint was deficient, should have been included in a more timely motion to amend.

Simply put, nothing has changed since Plaintiffs initially filed their Complaint that caused the delay in their request to amend. Plaintiffs' Motion to Amend is denied on this basis alone.

**B.     Futility**

In addition to being unduly delayed, Plaintiffs' proposed amended complaint is futile. An amendment is futile when the proposed amended complaint could not withstand a Rule 12(b)(6) motion to dismiss. <u>Zutz v. Nelson</u>, 601 F.3d 842, 850 (8th Cir. 2010). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>

5

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

Plaintiffs' proposed amended complaint adds three new claims: (1) an improper tax collection action under 26 U.S.C. § 7433, (2) a Bivens action for Fifth Amendment due process violations, and (3) an action for tortious negligence and tortious interference with a prospective economic advantage under the FTCA. None of these state a claim upon which relief may be granted.

Section 7433 provides for a cause of action if, in connection with any collection of Federal tax, an IRS agent negligently, recklessly, or intentionally disregards any internal revenue statute or regulation. 26 U.S.C. § 7433(a). But a plaintiff does not state a claim under § 7433 "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Plaintiffs allege in their proposed amended complaint that "Greenfield submitted a written letter, to the area director having jurisdiction over the dispute, requesting relief from the unauthorized collection actions and violations of Plaintiff's due process rights." (Pl.'s Mot. Ex. 1 (Docket No. 30-1) ¶ 36.) The area

director failed to respond and Greenfield's counsel was told orally that there are no administrative remedies for collection actions. (Id.) Plaintiffs allege that Greenfield therefore exhausted the administrative remedies available to him. (Id.) But these vague factual allegations and legal conclusions fail to show that Plaintiffs exhausted the administrative remedies available to them. See Yusuf v. United States, No. 15cv1910 (MJD/BRT), 2015 WL 5333838, at *6 (D. Minn. Aug. 13, 2015) (dismissing plaintiff's § 7433 action because general assertions that she met the administrative exhaustion requirement failed to state a claim upon which relief may be granted); Johnson v. United States, 1992 WL 359632, at *2 (D. Minn. Nov. 5, 1992) (dismissing a § 7433 claim because plaintiff's letters to the IRS failed to meet the administrative exhaustion requirement); see also 26 C.F.R. § 301.7433-1(e) (listing the requirements that must be included in an administrative claim). Plaintiffs therefore fail to state a § 7433 claim upon which relief may be granted.

In addition to its failure to adequately plead exhaustion, the proposed amended complaint also fails to state a § 7433 claim because the allegedly improper tax collection actions by the IRS were not collection actions at all. Instead, Plaintiff admits that the IRS seized Greenfield's tax records during a criminal investigation. (Pls.' Mot. Ex. 1 ¶ 11.) The IRS then held the records while Greenfield was under investigation, indicted, and eventually pleaded guilty to money laundering charges. See, e.g., United States v. Greenfield, No. 10cr34(1) (PJS/JJK) (D. Minn. Feb. 1, 2012) at Docket No. 86. Because the allegedly improper actions of the IRS were conducted during a criminal investigation, rather than a collection action, Plaintiffs again fail to state a claim under § 7433.

Plaintiffs' FTCA and <u>Bivens</u> claims also fail to state a claim upon which relief may be granted. The FTCA explicitly excludes claims arising out of the "assessment or collection of any tax." 28 U.S.C. § 1680(c); <u>see also</u> <u>Jones v. United States</u>, 16 F.3d 979, 980-81 (8th Cir. 1994) ("The United States retains its sovereign immunity under section 2680(c) from claims arising in respect to tax assessment or collection even when, as here, the claims encompass torts and constitutional violations."). Likewise, <u>Bivens</u> does not create a cause of action for claims arising out of an allegedly wrongful assessment or collection of taxes because "Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities." <u>Vennes v. An Unknown Number of Unidentified Agents</u>, 26 F.3d 1448, 1454 (8th Cir. 1994).

**CONCLUSION**

Plaintiffs concede that they lack standing for the claims in their original Complaint and Plaintiffs' Motion to Amend is both unduly delayed and futile. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion to Amend (Docket No. 30) is **DENIED**;

2. the Government's Motion to Dismiss (Docket No. 21) is **GRANTED**;

3. Plaintiffs' Complaint (Docket No. 1) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>March 9, 2017</u>             *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge